Callahan, J.
The plaintiff and one of its officers have been adjudged in contempt (with fines imposed) and the complaint dismissed for refusal to answer questions on examination before trial pursuant to direction of the court.
At different times the plaintiff as landlord entered into separate leases with the defendant for three rental areas or space in a building at 742 5th Avenue, New York City. The premises demised under each lease were to he used and occupied by the tenant for the sale of women’s apparel at retail. The so-called “ main floor ” lease for the lower floors of the building required the payment of “ additional rent ” based on a percentage of the gross sales in excess of a specified amount. The leases for *146 the fifth and eighth floors provided for a fixed or flat rental. The several floors were connected by elevators for the exclusive use of the tenant.
The present action was brought to recover ‘ ‘ additional rent ’ ’ under the percentage lease on the ground (1) that certain sales of fur garments purportedly made on the fifth floor were in fact consummated on the main floor, and (2) that the defendant diverted fur sales from the main floor to the fifth floor in violation of the terms of the percentage lease.
The merits of the case are not before us at this time, but only a question of pretrial practice.
The defendant obtained an order for examination of the plaintiff before trial. There was no appeal from this direction. The officer appearing on behalf of the plaintiff was questioned as to the factual matters involved in the examination, but denied any personal knowledge of the facts. When his verification of the complaint was called to attention, it was explained that such verification was made solely on the advice of the plaintiff’s attorneys. It was developed that the action was brought as the result of information obtained by the plaintiff’s attorneys and contained in reports of investigators and shoppers employed by them. The production of these reports or statements was requested. On the ground of privilege," however, the plaintiff’s attorneys declined to comply or reveal any information or facts developed in the course of their investigation. There was no proof as to when or how such reports were prepared, and no showing that they were communications between attorney and client or otherwise privileged.
At this time, however, it. is unnecessary to pass on any point of privilege or decide whether the production of nonprivileged statements of witnesses in an attorney’s files should be ordered. On the record before us it is clear that the defendant is only seeking particulars in respect to the factual proofs that the plaintiff intends to offer as to the locale and alleged diversion of sales from the main floor to the fifth floor of the premises, and not the statements of witnesses in the possession of the plaintiff’s attorneys. Thus, the real issue on this appeal is not so much a question of privilege, but rather the power of the court to require a party to disclose the particulars of his claim or proof in order to assure a fair trial. The existence of such power will not be denied. The plaintiff may not be excused from furnishing required information on the theory that the facts are known only to its attorneys and that such information *147 in their possession is privileged. (See Hickman v. Taylor, 329 U. S. 495.)
Under the circumstances of this case we think that the defendant with a large number of sales people and others in its employ will be unable to make adequate preparation for trial without particulars or information as to the plaintiff’s proof regarding sales allegedly in violation of the defendant’s “ main floor ” lease. It would not contribute to the orderly administration of justice to have such matters revealed to the defendant for the first time on the trial. The plaintiff’s proof might refer to sales transactions completed by any number of the defendant’s employees or former employees. If it is required that the defendant await such proof on the trial, an adjournment or continuance of the trial may be necessary to afford the defendant an opportunity to locate the sales people involved in such transactions and obtain their version of the facts. The impracticality of such procedure requires no demonstration. Further, the defendant’s own books and records of the alleged diverted sales will be of little assistance. If any indication is contained in such records, it will undoubtedly appear that the transactions challenged by the plaintiff took place in a portion of the premises other than the main floor. Heedless to say, the plaintiff’s evidence will be to the contrary, and the inquiry at this stage is simply directed to the nature or content of the plaintiff’s proof or claims in this regard.
It must be observed, however, that the point at issue is not whether the defendant might preferably have procured such information by way of a bill of particulars rather than on an examination before trial. The fact is that the defendant did obtain an order for examination of the plaintiff. Though purporting to comply with this order, the plaintiff has attempted to frustrate its effectiveness by claiming that only its attorneys and investigators employed by them are acquainted with the facts sought to be elicited on the pretrial examination, and that such information or knowledge is privileged. The plaintiff might well have ascertained the facts and disclosed such information to the examining party without production of allegedly confidential reports or statements in the files of its attorneys.
In the circumstances of this case, however, it is our view that the controversy over privilege may be avoided and the ends of justice equally well served by a bill of particulars setting forth a general outline of the transactions of which the plaintiff complains and detailed information as to any inquiries, sales or *148 other transactions concerning which the plaintiff intends to offer proof for the purpose of establishing its claims of locale and diversion of sales. The particulars should include the dates and approximate time, the location in the premises, and the persons in the defendant’s employ, if known, with whom such sales were consummated. There should also be stated the articles and amounts of money involved in each transaction as well as the number of each sales slip or check, if available.
If such information is not furnished by way of a bill of particulars pursuant to demand or order as aforesaid, or should prove to be inadequate as given, the defendant may move to preclude or for examination of the investigators or shoppers as witnesses or agents of the plaintiff having knowledge of the facts on a proper showing of special circumstances. If the latter step becomes necessary and the production of written reports is sought, the question of privilege may then be determined on a record showing the circumstances under which such statements were prepared.
The order appealed from should be reversed, without costs, and the parties should proceed as herein directed.